**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDSEY LAMBEAU, a minor; JOSETTE
MOHLER, guardian and next friend
of Lindsey Lambeau,
<u>Plaintiffs-Appellants,</u>

No. 96-1345

v.

ARLINGTON COUNTY SCHOOL BOARD;
ARTHUR JOSLING,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1614-A)

Argued: May 6, 1997

Decided: May 29, 1997

Before RUSSELL and HALL, Circuit Judges, and
JOSEPH F. ANDERSON, JR., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jane Elizabeth Schroeder, Gerard Sale Rugel, Herndon,
Virginia, for Appellants. Carol Winfield McCoskrie, Assistant County
Attorney, Arlington, Virginia, for Appellees. **ON BRIEF:** Barbara S.
Drake, County Attorney, Arlington, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lindsey Lambeau is a fourteen-year old deaf student residing in Arlington County, Virginia. Pursuant to the Individuals with Disabilities Education Act ("IDEA"), she is entitled to receive a "free appropriate public education"[1] consisting of "special education and related services."[2] The IDEA requires that schools establish an individualized educational program ("IEP") for each disabled child, review it annually with the child's parents or guardians, and revise it when appropriate.[3] The Arlington County School Board held an IEP team meeting in July, 1994 and recommended Lambeau be placed in the Kenmore Middle School. Lambeau's grandmother, Josette Mohler, is her legal guardian. Mrs. Mohler and her husband, Richard Mohler, did not believe the Kenmore Middle School could provide the necessary special services and refused to accept the IEP.

After Lambeau failed to appear for classes at the beginning of the school year in September, the School Board requested a due process hearing to determine the appropriateness of the recommended placement. The due process hearing was held in two parts, on October 25, 1994 and November 30, 1994, before a Virginia state hearing officer. At the October 25 hearing the Mohlers were unrepresented, but they subsequently hired an attorney.

The School Board claims it first became aware the Mohlers would accept a broad range of alternatives to the recommended placement at the November 30 hearing. The Mohlers insist they had previously identified the Clarke School, a residential school for the deaf in Massachusetts, as a suitable facility. In any event, upon completion of Mr.

_____

[1] 20 U.S.C.A. § 1412(1) (West Supp. 1997).
[2] 20 U.S.C.A. § 1401(a)(18) (West 1990).
[3] 20 U.S.C.A. § 1414(a)(5) (West Supp. 1997).

Mohler's testimony at the November 30 hearing, the School Board agreed to consider sending Lambeau to the Clarke School. The due process hearing was suspended.

On December 10, 1994, the hearing officer issued an order stating that "upon resolution of the parties's disagreement through execution of the new IEP, Arlington County Schools [sic] request for a due process hearing will be deemed withdrawn and this matter settled." The Mohlers and the School Board subsequently signed a new IEP formalizing Lambeau's placement at the Clarke School.

Almost a year later, the Mohlers[4] filed an action in federal district court seeking attorneys' fees.[5] The School Board filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment. The district court declined to hear oral argument and issued an order granting summary judgment to the School Board. The Mohlers appeal.

Attorneys' fees may be awarded under the IDEA, at the court's discretion, only to a prevailing party.[6] The term "prevailing party" has "the same general meaning under § 1415(e)(4)(B) and 42 U.S.C. § 1988, and cases interpreting both sections apply the same principles to determine a plaintiff's entitlement to attorneys' fees."[7] In order to be a prevailing party under § 1988, a "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."[8]

In S-1 and S-2 v. State Board of Education, this court rejected the idea that a party can establish it is a prevailing party because the law-

_____

[4] The plaintiffs in this action are Lindsey Lambeau, a minor by her guardian and next friend, Josette Mohler, and Josette Mohler. For ease of reference, they are collectively referred to as the Mohlers.

[5] 20 U.S.C.A. § 1415(e)(4) (West 1990 & Supp. 1997). See Combs v. School Board, 15 F.3d 357, 359 n.10 (4th Cir. 1994) (party can bring independent action solely to recover fees incurred in administrative hearing) (citations omitted).

[6] 20 U.S.C.A. § 1415(e)(4)(B) (West Supp. 1997).

[7] **Combs**, 15 F.3d at 360.

[8] **Farrar v. Hobby**, 506 U.S. 103, 111 (1992) (citations omitted).

3

suit operated as a catalyst to change the other party's behavior.**9** As part of our decision, we adopted Judge Wilkinson's dissenting opinion in the original case.**10** Judge Wilkinson specifically found that a gratuitous change in conduct is insufficient.**11** Instead, the success achieved by a prevailing party must be "buttressed by a court's authority or required by a rule of law."**12**

Our rejection of the "catalyst theory" eviscerates the Mohlers' claim. The district court held that the Mohlers failed to obtain an enforceable judgment, consent decree, or settlement. We agree. Although the dismissal of the School Board's due process hearing was predicated upon the execution of a new IEP, the hearing officer's order made no determination as to the appropriateness of the original IEP and created no enforceable obligations on the part of the School Board. Therefore, the Mohlers are not a prevailing party within the meaning of § 1415(e)(4)(B) and are ineligible for attorneys' fees.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

_____
**9** 21 F.3d 49, 51 (4th Cir. 1994) (en banc).
**10** **Id.**
**11** **S-1 and S-2 v. State Board of Educ.**, 6 F.3d 160, 171 (4th Cir. 1994) (Wilkinson, J., dissenting).
**12** **Id.** at 170.

4